**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**JOSEPH M. ANGELO, JR.,**

    **Plaintiff,**

    **v.**

**MUSKINGUM COUNTY CHILD
PROTECTIVE SERVICES, et al.,**

    **Defendants.**

    **Case No. 2:20-cv-4745
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson**

### REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1). Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Furthermore, having performed an initial screen and for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1).

**I.   LEGAL STANDARD**

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing his Complaint, the Court must construe it in favor of Plaintiff, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). On the other hand, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555). Although *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II. BACKGROUND

Plaintiff has brought suit against Defendants Muskingum County Child Protective Services, Judge Eric Martin of Muskingum County Juvenile Court/Muskingum County Juvenile Court, and the Zanesville Police Department. (Doc. 1-1). While not entirely clear, Plaintiff's allegations appear to relate to having lost custody of his young daughter in January 2019. (*Id*. at 4). Specifically, he alleges that "his daughter was taken into custody without proper notification being made and nearly 19 hours later was alleged to be abused, dependent, or neglected[,]" and that "defendants falsified documents, unlawfully imprisoned the plaintiff, failed to meet FOIA requirements, and conspired against the rights of several individuals involved." (*Id*.). For relief, he asks that his child "be immediately returned to his custody," as well as $750,000 in damages. (*Id*. at 5).

A related state criminal proceeding provides relevant context. On January 31, 2019, Defendant Zanesville Police Department responded to a domestic disturbance at Plaintiff's residence. *Zanesville v. Angelo*, No. CT 2019-0057, 2020 WL 1624323, at *1 (Ohio Ct. App. Mar. 23, 2020). Based on his investigation at the scene, Patrolman Preston Curtis determined that Plaintiff and his wife got into a physical altercation when Plaintiff tried to leave their home with

the couple's baby. *Id.* Witnesses informed Patrolman Curtis that "it looked like the baby was being treated like a wishbone, being pulled in different directions." *Id.*

Plaintiff and his wife were both arrested and tested positive for methamphetamine. *Id.* at *2. As a result of their arrest, Defendant Muskingum County Child Protective Services removed the children from their home "pursuant to Juvenile Rule 6." *Id.* After a bench trial, Plaintiff was convicted of child endangerment, a first-degree misdemeanor. *Id.* at *1.

### III. DISCUSSION

Even giving Plaintiff every benefit of the doubt, this case cannot proceed. The Undersigned explains why below.

#### A. The *Rooker-Feldman* Doctrine

Although the Court is doing a bit of guesswork, it appears that Plaintiff is attacking state-court judgments concerning the custody of his child. (*See generally* Doc. 1-1). This Court does not have jurisdiction to review state-court judgments. Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. *See Gotfried v. Med. Planning Servs.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot collaterally attack a state court judgment by filing a civil rights complaint. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486, (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). Accordingly, to the extent Plaintiff seeks relief from state court judgments in this Court, those claims are barred under the *Rooker-Feldman* doctrine and must be dismissed as a result. *See, e.g.*, *Carpenter Jenkins v. Scotta*, No. 17-11781, 2019 WL 5680344, at *5 (E.D. Mich. Aug. 20, 2019), *report and recommendation adopted*, No. 2:17-CV-11781, 2019 WL 4686474 (E.D. Mich. Sept. 26, 2019) ("[T]o the extent that [plaintiff]

3

seeks a federal review and reversal of the state court termination of parental rights and custody of the minor children, dismissal of the claims under the *Rooker-Feldman* doctrine is appropriate.").

### B. Immunity

Additionally, Defendants Judge Eric Martin and Muskingum County Juvenile Court are immune from suit. To begin, judicial immunity shields judges and other public officers "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judicial immunity is overcome only if the actions taken were not in the judge's judicial capacity and if the actions were taken in absence of all jurisdiction. *Id*. at 11–12. Because Plaintiff has not pled facts suggesting that those circumstances apply here, Judge Martin is entitled to judicial immunity. *See, e.g.*, *Carpenter Jenkins*, 2019 WL 5680344, at *7 (recommending plaintiff's claims against state court judges be dismissed where the complaint did "not suggest that actions taken by these defendants involve[d] anything other than the performance of judicial functions").

Moreover, to the extent that Plaintiff has brought suit against Muskingum County Juvenile Court, this Defendant, too, is immune from suit although for a different reason. "It is a fundamental principle of our federalism that the Eleventh Amendment bars suit against a state or one of its agencies in federal court without its consent." *Salt Lick Bancorp v. FDIC*, 187 F. App'x 428, 442 (6th Cir. 2006). This is true regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1964). The State of Ohio has not constitutionally nor statutorily waived its Eleventh Amendment immunity in the federal courts. *See Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Johns v. Supreme Court of Ohio*, 753 F.2d

524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes No. 1 & No. 2*, 694 F.2d 449, 464 (6th Cir. 1982). These Defendants are immune from liability as a result. *See, e.g.*, *Northrop v. Muskingum Cty. Juvenile Court*, No. 2:19-CV-558, 2019 WL 1002950, at *2 (S.D. Ohio Mar. 1, 2019), *report and recommendation adopted sub nom. Northrop v. Muskingum Cty. Juvenile Court*, No. 2:19-CV-558, 2019 WL 1597866 (S.D. Ohio Apr. 15, 2019) (recommending plaintiff's claims against Muskingum County Juvenile Court be dismissed "because it is an arm of the State and thus immune from suit").

### C. Failure to State a Claim

Further, even construing the Complaint liberally, Plaintiff has not pled enough against any of the Defendants to state a claim upon which relief may be granted. Plaintiff's Complaint is comprised of legal conclusions couched as factual allegations. (*See, e.g.*, Doc. 1-1 at 5 ("After relocating to Ohio (late 2018) his child was taken into custody for reasons said to be directly related to the mother of the child. The infringement upon the civil liberties of life have proven to be unlawful and unjust after deliberate ignorance to established rights has been displayed. Discriminating against any human for medically related reasons raises a question of morals, however, to simultaneously fault or discriminate against an individual for merely treating those medically related reasons is unconstitutional and inhumane."). Based on these allegations, and other like them, there is insufficient factual content for the Court "to draw the reasonable inference that [Defendants are] liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Plaintiff fails to state a claim against Defendant Zanesville Police Department for another reason. "A municipality may not be held liable under § 1983 on a respondeat superior theory—in other words, solely because it employs a tortfeasor." *Jackson v. City of Cleveland*, 925 F.3d 793,

828 (6th Cir. 2019) (citation and quotations omitted). "Instead, a plaintiff must show that through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Id.* (citation and quotations omitted). "A plaintiff does this by showing that the municipality had a 'policy or custom' that caused the violation of his rights." *Id.* (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). Plaintiff does not allege Defendant Zanesville Police Department's customs or policies were the moving force behind his alleged injuries. And absent such allegations, Plaintiff has failed to state a claim against it.

### D. Domestic Relations Jurisdiction

Finally, the Undersigned reads Plaintiff's Complaint as pertaining to matters of domestic relations. Long ago, the United States Supreme Court proclaimed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States." *In re Burrus*, 136 U.S. 586 (1890). Relatively recently, the Sixth Circuit clarified that this rule applies to cases only where the plaintiff "positively sues in federal court for divorce, alimony, or child custody, or seeks to modify or interpret an existing divorce, alimony, or child-custody decree." *Chevalier v. Estate of Barnhart*, 803 F.3d 789, 795–96 (6th Cir. 2015) (quotation marks and citation omitted) (noting that federal courts may handle matters alleging, for example, the commission of torts or breach of contract "even if the matter involves married or once-married parties"). "When analyzing the applicability of the domestic-relations exception, we must focus on the remedy that the plaintiff seeks: Does the plaintiff seek an issuance or modification or enforcement of a divorce, alimony, or child-custody decree?" *Id*. at 797.

The answer to that question here is yes. For relief, Plaintiff requests that his child "be immediately returned to his custody." (Doc. 1-1 at 5). This Court is, therefore, "powerless to address" Plaintiff's claims as they pertain "to the custody of [his] minor child." *Chandler v. Mich.,*

6

No. 1:18-CV-1289, 2019 WL 456274, at *2 (W.D. Mich. Jan. 8, 2019), *report and recommendation adopted*, No. 1:18-CV-1289, 2019 WL 451100 (W.D. Mich. Feb. 5, 2019); *see also Carpenter Jenkins*, 2019 WL 5680344, at *6 (recommending dismissal where plaintiff requested the return of her child and the reinstatement of her parental rights, "i.e., issuance or modification of a child custody decree").

What about Plaintiff's request for monetary damages?  Potentially, that might not require the Court to seek an issuance, modify, or enforce a child-custody decree.  And, if you give Plaintiff every benefit of the doubt (and then some), his Complaint could be read to assert that Defendants violated his fundamental right to familial integrity and to the care, custody, and control of his child. (*See* Doc. 1-1 at 4 (alleging that Defendants deprived him of his "fundamental right[] to … have a meaningful relationship with his child")).  But that assertion suffers from the same problem as the rest of his Complaint:  Plaintiff offers no factual allegations to support it.  Any possible claim for monetary damages fails as a result.  *See, e.g.*, *Peterson v. Rice*, No. 16-2812-JDT-TMP, 2017 WL 1289457, at *3 (W.D. Tenn. Mar. 9, 2017), *report and recommendation adopted*, No. 16-2812-STA-TMP, 2017 WL 1288933 (W.D. Tenn. Apr. 6, 2017) (rejecting Fourteenth Amendment Due Process claim because "the complaint does not contain any other facts that plausibly support the claim that the defendants terminated her parental rights in a way that violated her constitutional rights.").

### III. CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** the Motion for Leave to Proceed *in forma pauperis* (Doc. 1) and **RECOMMENDS** that the Court **DISMISS** Plaintiff's Complaint (Doc. 1-1).

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). Failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 152–53 (1985).

IT IS SO ORDERED.

Date: September 23, 2020  /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE